# EXHIBIT B

# BOCK, HATCH, LEWIS & OPPENHEIM, LLC

134 North La Salle Street, Suite 1000

Chicago, IL 60602

312-658-5500 (Phone) • 312-658-5555 (Fax)

April 23, 2020

<u>VIA PROCESS SERVER</u>

Arkray USA, Inc.
c/o National Registered Agents, Inc., Registered Agent
1010 Dale Street North
St. Paul, MN 55117

    Re:    Demand for Preservation of Tangible Documents and Electronically Stored Information in *Camp Drug Store, Inc. v. Arkray USA, Inc.*

Dear sir or madame:

We represent Camp Drug Store, Inc. ("Plaintiff") in the above mentioned case. Plaintiff alleges that Arkray USA, Inc. ("Defendant") sent unsolicited advertisements by fax in violation of the TCPA.

We consider electronic data to be a valuable and irreplaceable source of discovery and evidence in this matter. The laws and rules prohibiting the destruction of evidence apply to electronic data with the same force as they apply to other kinds of evidence.

Plaintiff hereby demands that you preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause. As used in this document, "you" and "your" refers to Arkray USA, Inc., its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions. "Third parties," as used in this document, refer to anyone taking action on behalf Defendant and any employees or agents thereof.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer

Arkray USA, Inc.
April 23, 2020
Page 2 of 8

systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Image and facsimile files (*e.g.*, .pdf, .tiff, .jpg, .gif images);
- Digital communications (*e.g.*, e-mail, voicemail, instant messaging, text messages, and all social media content);
- Word processed documents and drafts (*e.g.*, using Word or WordPerfect or any other word processing system);
- Spreadsheets and tables (*e.g.*, Excel, Lotus 123, or any other computer-generated worksheets);
- Network access and server activity logs;
- Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (*e.g.*, Outlook, Salesforce, ACT!);
- Calendar and Diary Application Data (*e.g.*, Outlook, Yahoo, Google, blog tools);
- Online Access Data (*e.g.*, temporary internet files, history, cookies);
- Presentations (*e.g.*, PowerPoint, Corel Presentations)
- Project management application data; and
- Back up and archival files (*e.g.*, Zip, .GHO).

ESI also includes information or data stored on proprietary software, databases or systems.

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (*eff.* 12/1/05), you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive the Plaintiff of its right to secure the evidence or the Court of its right to adjudicate the issue.

Arkray USA, Inc.
April 23, 2020
Page 3 of 8

### A. Preservation Requires Immediate Intervention

You must act immediately to preserve potentially relevant ESI including, without limitation, information with the earlier of a Created or Last Modified date on or after January 1, 2016 through the date of this demand and concerning:

a. All electronic mail ("e-mail") and information about e-mail (including message contents, header information, and logs of e-mail systems usage) sent or received by Defendant, third parties, or anyone relating to Defendant or third parties;

b. All other e-mail and information about e-mail (including message contents, header information, and logs of e-mail systems usage) containing information about Defendant or third parties or work performed for Defendant or third parties;

c. All databases (including all records and field structural information in such databases) containing any reference to and/or information about Defendant or Defendant's intended fax recipients, or third parties or third-parties' intended fax recipients;

d. All logs of faxing activity (including all reports indicating success or failure of attempted transmission) containing information about Defendant and/or Defendant's intended fax recipients, or third parties or third parties' intended fax recipients;

e. All word processing files and file fragments containing information about Defendant or third parties;

f. All electronic data files and file fragments created by application programs that process financial, accounting, and billing information related to Defendant or third parties;

g. All files and file fragments containing information from electronic calendars and scheduling programs regarding Defendant and/or fax transmissions sent on behalf of Defendant, or third parties and/or fax transmissions sent on behalf of third parties;

h. All electronic data files and file fragments created or used via electronic spreadsheet programs where such data files contain information about Defendant and/or Defendant's intended fax recipients, or third parties and/or third parties' intended fax recipients; including files and file fragments created by Defendant or third parties;

Arkray USA, Inc.
April 23, 2020
Page 4 of 8

      i. All other electronic data containing information about Defendant or third parties; and

      j. All e-mail from third party sources that may contain references or correspondence relating to Defendant or third parties.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI. Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

### B. Suspension of Routine Destruction

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

Arkray USA, Inc.
April 23, 2020
Page 5 of 8

### C.    Preservation by Imaging

You should take affirmative steps to prevent anyone with access to your data, systems and archives from seeking to modify, destroy or hide electronic evidence on network or local hard drives (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging or replacing drives, encryption, compression, steganography or the like). With respect to local hard drives, one way to protect existing data on local hard drives is by the creation and authentication of a forensically qualified image of all sectors of the drive. Such a forensically qualified duplicate may also be called a bitstream image or clone of the drive. Be advised that a conventional back up of a hard drive is not a forensically qualified image because it only captures active, unlocked data files and fails to preserve forensically significant data that may exist in such areas as unallocated space, slack space and the swap file.

With respect to the hard drives and storage devices maintained offsite, including Cloud Based Data Storage, including any File Transfer Protocol Host Account or Server Storage, whether provided by a server owned or maintained by your subsidiaries, agents, and/or contractors, maintained by a company on behalf of you or shared by you and Defendant or any third parties, demand is made that you preserve the ESI on those devices.

With regard to all data storage for Defendant or any employee, subsidiary, contractor, or agent, stop any activity which my result in the loss of such electronic data, including the rotation, destruction, overwriting, and/or erasure of such media in whole or in part, unless a true and correct copy of each such electronic file has been made and steps have been taken to assure that such copy will be preserved and accessible for purposes of this litigation

### D.    Preservation in Native Form

You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation. You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

Arkray USA, Inc.
April 23, 2020
Page 6 of 8

### E. Metadata

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For e-mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

### F. Servers

With respect to servers like those used to manage e-mail (e.g., Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server depending upon, e.g., its RAID configuration and whether it can be downed or must be online 24/7. Please call to discuss the sufficiency of preservation methods if you have questions.

### G. Ancillary Preservation

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including programs, utilities, logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters, legacy or proprietary devices, or the like.

### H. Paper Preservation of ESI is Inadequate

As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

Arkray USA, Inc.
April 23, 2020
Page 7 of 8

### I. Agents, Attorneys and Third Parties

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

### J. Preservation Protocols

We desire to work with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol, if you will furnish an inventory of the systems and media to be preserved. Else, if you will promptly disclose the preservation protocol you intend to employ, perhaps we can identify any points of disagreement and resolve them. A successful and compliant ESI preservation effort requires expertise. If you do not currently have such expertise at your disposal, we urge you to engage the services of an expert in electronic evidence and computer forensics. Perhaps our respective expert(s) can work cooperatively to secure a balance between evidence preservation and burden that's fair to both sides and acceptable to the Court.

### K. Do Not Delay Preservation

I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence, and we will not hesitate to seek sanctions.

Arkray USA, Inc.
April 23, 2020
Page 8 of 8

## L. Confirmation of Compliance

Please confirm that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this action. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Respectfully,

/s/ Phillip A. Bock

Phillip A. Bock
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL 60602
(312)658-5500
jon@classlawyers.com