IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMP DRUG STORE, INC., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ARKRAY USA, INC.,<br><br>Defendant. | Case No. 1:20-cv-02511<br><br>Honorable John Z. Lee<br><br>**CLASS ACTION** |

**ARKRAY USA, INC.'S UNOPPOSED MOTION TO REASSIGN RELATED CASE**

Defendant ARKRAY USA, Inc. ("ARKRAY"), by and through its attorneys of record, respectfully moves this Court to reassign the related case, *Glen Ellyn Pharmacy, Inc. v. ARKRAY USA, Inc., et al.,* Case No. 1:20-cv-02947 (the "*Glen Ellyn* Action"), pending before Judge Harry D. Leinenweber, to this Court pursuant to Local Rule 40.4. Neither counsel for Plaintiff Camp Drug Store, Inc. nor counsel for Plaintiff Glen Ellyn Pharmacy, Inc. opposes this motion. In support of this motion, ARKRAY states as follows:

**INTRODUCTION**

On April 23, 2020, Plaintiff Camp Drug Store, Inc. ("Plaintiff") filed this action, titled *Camp Drug Store, Inc. v. ARKRAY USA, Inc.*, Case No. 1:20-cv-02511 (the "*Camp Drug* Action"), in the United States District Court for the Northern District of Illinois. Plaintiff alleges that ARKRAY sent it advertisements via facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). A copy of the complaint filed in the *Camp Drug* Action is attached hereto as **Exhibit A**.

Nearly one month later, on May 18, 2020, Plaintiff Glen Ellyn Pharmacy, Inc. ("Glen Ellyn") filed in the United States District Court for the Northern District of Illinois its complaint

in the *Glen Ellyn* Action. The *Glen Ellyn* Action was assigned to Judge Harry D. Leinenweber. Like Plaintiff, Glen Ellyn alleges that ARKRAY sent it advertisements via facsimile in violation of the TCPA. A copy of the Complaint in the *Glen Ellyn* Action is attached hereto as **Exhibit B**.

After both the *Camp Drug* Action and the *Glen Ellyn* Action were filed, counsel for ARKAY met and conferred with counsel for both Plaintiff and Glen Ellyn. All parties agree that the *Glen Ellyn* Action should be reassigned to this Court because (1) the actions are related, (2) having both actions presided over by this Court would likely result in substantial saving of judicial time and effort, (3) the *Camp Drug* Action has not progressed to a point where reassignment would result in undue delay, and (4) the cases are susceptible to disposition in a single proceeding.

Therefore, pursuant to Local Rule 40.4, ARKRAY respectfully requests that the Court grant its unopposed motion and reassign the *Glen Ellyn* Action to this Court.

## ARGUMENT

Local Rule 40.4 provides that a case "may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge" and certain criteria are met. N.D. Ill. L.R. 40.4(b). Cases are related if at least one of the following is true: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. N.D. Ill. L.R. 40.4(a).

When cases are related, they may only be reassigned if: (1) both cases are pending in this District; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible to disposition in a single proceeding.

2

**I.     THE *CAMP DRUG* ACTION AND THE *GLEN ELLYN* ACTION ARE RELATED UNDER LOCAL RULE 40.4(A).**

Local Rule 40.4 provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met:

>   (1)     the cases involve the same property;
>   (2)     the cases involve some of the same issues of fact or law;
>   (3)     the cases grow out of the same transaction or occurrence; or
>   (4)     in class action suits, one or more of the classes involved in the cases is or are the same."

L.R. 40.4(a)(2).

The *Camp Drug* Action and the *Glen Ellyn* Actions meet subsections (2) through (4).

First, the two actions involve some of the same issues of fact or law. Plaintiff and Glen Ellyn each allege that ARKRAY violated the TCPA by sending them facsimile advertisements without the statutorily-required opt-out notice. [*See* Exhibit 1, ¶ 19; Exhibit 2, ¶ 20.] In fact, both Plaintiff and Glen Ellyn attached to their complaints the same allegedly unlawful facsimile messages. [*Compare* Exhibit 1, Exhibit A *with* Exhibit 2, Exhibit A.] Based on these facsimile messages, Plaintiff asserts two causes of action—violation of the TCPA and conversion. [*See, generally,* Exhibit 1.] Glen Ellyn asserts the same two causes of action. [*See, generally,* Exhibit 2.] Regardless of the causes of action asserted, however, they all require the fact finder to decide whether ARKRAY violated the law by sending unsolicited facsimile advertisements without the requisite opt-out notice. Therefore, the two actions involve some of the same issues of fact or law.

Second, the two actions grow out of the same transaction or occurrence. As noted above, both the *Camp Drug* Action and the *Glen Ellyn* Action arise out of the same facsimile message sent by ARKRAY to specific pharmacies. [*Compare* Exhibit 1, Exhibit A *with* Exhibit 2, Exhibit A.]

And third, the two actions meet subsection (4) because Plaintiff and Glen Ellyn seek to represent the same or substantially similar putative class. [*Compare* Exhibit 1, ¶ 21 (defining putative class as "[a]ll persons sent at least one telephone facsimile message (a "fax"): (1) on or after April 23, 2016; (2) from or on behalf of Arkray; (3) advertising Arkray's property, goods, or services; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a) (4) (iii)" *with* Exhibit 2, ¶ 30 (defining putative class as "(a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Defendant Arkray USA, Inc., promoting its goods or services for sale (d) where Defendant does not have evidence of consent or an established business relationship prior to the sending of the faxes.").]

Thus, although Local Rule 40.4 only requires the actions to meet one of its four subsections, the two actions here meet three of them. The actions should be deemed related.

**II.  THE *CAMP DRUG* ACTION AND THE *GLEN ELLYN* ACTION ALSO MEET THE REQUIREMENTS OF LOCAL RULE 40.4(B).**

Both actions meet all four requirements of Local Rule 40.4(b). Both the *Camp* Drug Action and the *Glen Ellyn* Action are pending before the United States District Court for the Northern District of Illinois. Given the similarity of the cases, reassigning the *Glen Ellen* Action to this Court will result to result in a substantial saving of judicial time and effort. Much of the discovery that will be requested and litigated regarding ARKRAY and Plaintiff in the *Camp Drug* Action will also be requested and litigated in the *Glen Ellyn* Action. Additionally, the cases allege the same violations of the TCPA and may involve common defenses. It would save judicial time and effort to have these cases handled by one judge who is familiar with the status of both cases. Third, reassigning the *Glen Ellyn* Action to this Court will not substantially delay

4

the proceedings of the *Camp Drug* Action as the *Camp Drug* Action case is still in its very early stages. Finally, because the *Camp Drug* Action and the *Glen Ellyn* Action involve essentially the same claims and will involve duplicative discovery disputes, the two cases are susceptible of disposition in a coordinated proceeding before this Court. *See Pactiv Corp. v. Multisorb Techs., Inc.*, No 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011) ("[T]he fourth factor [of Rule 40.4(b)] is satisfied when issues of both law and fact are the same in both cases."). ARKRAY notes that, while meet and confers efforts are ongoing, if reassignment is granted, ARKRAY is reserving all rights to seek to dismiss, stay, or consolidate both actions.

## CONCLUSION

For the foregoing reasons, Defendant ARKRAY USA, Inc. respectfully requests that the Court grant this motion and reassign *Glen Ellyn Pharmacy, Inc. v. ARKRAY USA, Inc., et al.*, Case No. 1:20-cv-02947 to this Court's calendar pursuant to Local Rule 40.4.

Dated: July 6, 2020

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Maria A. Boelen*
Maria A. Boelen
George J. Tzanetopoulos
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
mboelen@bakerlaw.com
gtzanetopoulos@bakerlaw.com

*Attorneys for Defendant ARKRAY USA Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 6th day of July, 2020, the foregoing document, titled **ARKRAY USA, INC.'S UNOPPOSED MOTION TO REASSIGN RELATED CASE**, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Maria A. Boelen*
One of the attorneys for Defendant